ERVIN ET AL., APPELLANTS, v.
PATRONS MUTUAL INSURANCE COMPANY, APPELLEE.

[Cite as Ervin v. Patrons Mut. Ins. Co. (1985), 20 Ohio St. 3d 8.]

(No. 84-1812—Decided October 30, 1985.)

*Lavelle & Goldsberry Co., L.P.A., William A. Lavelle* and *John P. Lavelle,* for appellants.

*Mollica, Gall, Sloan & Sillery Co., L.P.A., Gerald A. Mollica* and *Robert J. Gall,* for appellee.

DOUGLAS, J. The issue in this case is whether the trial court committed reversible error by vacating its February 3, 1983 default judgment.

Civ. R. 55 deals with default judgments. Civ. R. 55(B) states that if a default judgment has been entered, the court may set it aside in accordance with Civ. R. 60(B), which rule encompasses relief from final judgments. Civ. R. 60(B) states, in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertance, *surprise* or excusable neglect; * * *." (Emphasis added.)

Civ. R. 4 states that a copy of the original complaint, and a summons, must be served upon each defendant. Appellants complied with this rule. Nevertheless, the default judgment in this case was the product of unfair surprise since Patrons Mutual was not given proper notice of the amended complaint.

Civ. R. 5(A) provides:

"Except as otherwise provided in these rules * * * every pleading subsequent to the original complaint * * * shall be served upon each of the parties. * * *"

Civ. R. 5(B) states that:

"Whenever under these rules service is required or permitted to be made upon a party *who is represented by an attorney of record in the proceedings,* the service shall be made upon such attorney * * *." (Emphasis added.)

The appellants served attorney Smith with a copy of their amended complaint. However, since the original complaint had˜ not yet been answered by Patrons Mutual, there was no attorney of record upon whom service could be made and, therefore, service of the amended complaint upon Smith was not effective as to Patrons Mutual. Accordingly, Patrons Mutual had no duty to answer the amended complaint, *Westmoreland* v. *Valley Homes Corp.* (1975), 42 Ohio St. 2d 291 [71 O.O.2d 262], and it could not be in default for failing to defend. The trial court's default judgment was, therefore, invalid and the court committed no error by vacating that judgment.[3]

Even if this court were to assume, for the sake of argument, that Smith had made an appearance on Patrons Mutual's behalf in the trial court, the result would be the same. Civ. R. 55(A), dealing with the entry of default judgments, states:

---

[3] It is arguable that since the amended complaint was not properly served that the default judgment was void and that it was unnecessary for Patrons Mutual to file a motion, pursuant to Civ. R. 60(B), to vacate that judgment.

"* * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for [default] judgment at least seven days prior to the hearing on such application. * * *"

Thus, if Smith was Patrons Mutual's representative in the trial court, the granting of the default judgment was improper since Smith never received notice of the application for that judgment as required by Civ. R. 55(A).

The problem here is that the appellants, for purposes of serving the amended complaint, chose to treat Smith as though he were Patrons Mutual's attorney of record. Yet, for purposes of serving notice of their application for default judgment, they chose to treat Smith as though he were not Patrons Mutual's attorney of record. By classifying Smith one way for purposes of Civ. R. 5(B) and the other way for purposes of Civ. R. 55(A), the appellants were able to escape complying with the germane notice requirements of the Civil Rules and to obtain a default judgment as the result of unfair surprise. We, therefore, hold that for purposes of Civ. R. 5(B), in order that service be effective on a party by serving that party's attorney, the attorney must be an attorney of record in the trial court. The trial court, therefore, committed no error in vacating the default judgment.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.