OPINION
{¶ 1} Defendant-appellant Gwendolyn Springer appeals from a default judgment rendered against her in the amount of $2,579.61, plus interest and costs. Springer contends that the trial court erred by rendering default judgment against her. Although Springer, who appeals pro se, has not set forth assignments of error in accordance with App.R. 16, plaintiff-appellee Asset Acceptance LLC characterizes her assignment of error as follows:
 {¶ 2} "The trial court erred in granting default judgment when pro se appellant filed a notice of appearance in response to appellee's complaint and did not realize an answer needed to be submitted."
 {¶ 3} Asset Acceptance filed this complaint in the Montgomery County Court. Springer filed a "Notice of Appearance," but did not file an answer. Springer's "Notice of Appearance," which the trial court, or its clerk, appears initially to have treated as an answer, states in its entirety, as follows:
 {¶ 4} "YOU AND EACH OF YOU PLEASE TAKE NOTICE that Defendant hereby appears in the above-entitled cause and requests that all further papers and pleadings herein, except original process, be served upon the Defendant at the address below stated, pursuant to Civil Rule 5."
 {¶ 5} Thereafter, the trial court assigned a trial date, apparently under the erroneous assumption that Springer had filed an answer. This trial date was subsequently cancelled, upon direction of the trial judge, the trial court having concluded that Springer's filing was a notice of appearance, not an answer.
 {¶ 6} On November 3, 2003, Asset Acceptance filed a motion for default judgment, "on the grounds that the Defendant has failed to plead or otherwise defend to Plaintiff's Complaint although having been duly served and although due time has been afforded to answer or otherwise plea." The next day, on November 4, 2003, the trial court rendered a default judgment against Springer in the amount prayed for in the complaint.
 {¶ 7} Civ.R. 55 provides for the entry of default judgment. Civ.R. 55(A) provides "that the party entitled to a judgment by default shall apply in writing or orally to the court therefor." Civ.R. 55(A) then provides as follows:
 {¶ 8} "If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 9} Asset Acceptance's application for a default judgment was filed on November 3, 2003. The application and the proposed judgment entry were purportedly served upon Springer by regular mail on October 27, 2003. Nothing in the motion provides notice of a hearing on the application for default judgment, nor is there anything in the record establishing a hearing date, or advising Springer of a date for the hearing on Asset Acceptance's application for default judgment. The evident purpose of the requirement in Civ.R. 55(A) for at least seven days written notice prior to the hearing on an application for default judgment is to allow the respondent an opportunity, either in writing, or by appearing at the hearing, to show cause why default judgment should not be entered. Because Springer had no notice of a hearing date on Asset Acceptance's application for default judgment, she was not afforded the opportunity to be heard contemplated by Civ.R. 55(A).
 {¶ 10} Accordingly, we conclude that Springer's implied assignment of error is well-taken, and it is sustained. The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan and Wolff, JJ., concur.