OPINION
{¶ 1} Plaintiff-appellant, Domestic Linen Supply Laundry Company, Inc., appeals from a Campbell Municipal Court decision granting a motion for relief from judgment in favor of defendant-appellee, Wayne King, Inc. dba King's Motel.
 {¶ 2} On April 29, 2004, appellant filed a complaint against appellee alleging the following. In 1998, appellee entered into a contract with National Uniform and Linen Service for the supply of linens and other textiles. In March 2001, appellant purchased the contract. Appellant provided goods and services to appellee. Appellee failed to pay pursuant to the contract, which damaged appellant in the amount of $7,334.15. Appellant raised claims for breach of contract, account, quantum meruit, and unjust enrichment.
 {¶ 3} On June 9, 2004, appellant filed a motion for default judgment because appellee had failed to plead or otherwise defend the suit. The trial court granted appellant's motion and entered judgment in its favor for $7,334.15, plus interest and attorney fees.
 {¶ 4} On November 12, 2004, appellee filed a Civ.R. 60(B) motion for relief from judgment. Appellee alleged that it never received the complaint and therefore, inadvertently failed to respond to the allegations.
 {¶ 5} The trial court granted appellee's motion for relief from judgment on December 14, 2004. It found that appellee inadvertently failed to respond to the complaint. Appellant filed a timely notice of appeal on January 11, 2005.
 {¶ 6} At the outset, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 7} Appellant raises a single assignment of error, which states:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DOMESTIC BY GRANTING KING'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 9} Appellant first argues that appellee failed to allege any operative facts to support his contention that it has a meritorious defense. Second, appellant argues that appellee was not entitled to relief based on inadvertence because it did not support this claim with any explanation.
 {¶ 10} The standard of review used to evaluate the trial court's decision to deny or grant a Civ. R. 60(B) motion is abuse of discretion. Preferred Capital, Inc. v. Rock N Horse, Inc.,
9th Dist. No. 21703, 2004-Ohio-2122, at ¶ 9. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec., Inc. v. ArcIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The court stated:
 {¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 13} As to the first GTE requirement, a party requesting Civ.R. 60(B) relief from judgment is only required to allege a meritorious defense, not to prove that he will prevail on that claim or defense. State Farm Ins. Co. v. Valentino, 7th Dist. No. 02-CA-119, 2003-Ohio-3487, at ¶ 18. But the movant must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test. Syphard v.Vrable (2001), 141 Ohio App.3d 460, 463, 751 N.E.2d 564. {¶14} To simply state that a party has a meritorious defense, without more, is insufficient to satisfy GTE. In this case, that is exactly what appellee did. In its motion for relief from judgment, appellee simply stated: "In the case sub judice, the Plaintiff filed a four (4) count Complaint against the defendant. On all four (4) counts the defendant can raise a meritorious defense if relief is granted." Appellee failed to assert any facts whatsoever to show that it had a meritorious defense to raise. Without any facts on which to evaluate appellee's claim of a meritorious defense, the trial court had no way of knowing what appellee's alleged defense was or if it might be meritorious. Thus, appellee failed to meet the first GTE element.
 {¶ 15} Since appellee did not meet the first GTE
requirement, the trial court abused its discretion in granting his Civ.R. 60(B) motion. Accordingly, appellant's assignment of error has merit.
 {¶ 16} For the reasons stated above, the trial court's judgment is hereby reversed and the default judgment in favor of appellant is reinstated.
Vukovich, J., concurs.
DeGenaro, J., concurs.