OPINION
{¶ 1} Robert C. Bostic and CapAtlantic Construction Corporation ("CapAtlantic"), defendants-appellants, appeal from a judgment of the Franklin County Court of Common Pleas, in which the trial court denied appellants' Civ.R. 60(B) motion to vacate the default judgment granted to Meglan, Meglan Company, Limited ("Meglan"), plaintiff-appellee.
 {¶ 2} Meglan is an Ohio company that engages in consulting and expert witness services. Abante Corporation ("Abante"), a non-appealing defendant, was a corporation for which Bostic was the sole shareholder and president. In 1999, Abante filed an action against the United States Navy for services it rendered to the Navy, and retained Meglan for services associated with that action, resulting in over $75,000 in fees owed to Meglan. Abante apparently dissolved before paying Meglan for its services. Meglan claimed that Bostic then orally guaranteed that Bostic and his Virginia corporation, CapAtlantic, formed in 2001, would pay the sums owed to Meglan by Abante. Thereafter, CapAtlantic made two $5,000 payments to Meglan for the services provided to Abante.
 {¶ 3} On September 30, 2004, Meglan filed the present action against Abante, Bostic, and CapAtlantic. Meglan made various attempts to serve Bostic and CapAtlantic with the summons and complaint at 1189 Kings Way Drive, Virginia Beach, Virginia 23455 ("Kings Way"), which was his personal residence until September 13, 2004, and 1112 Battle Royal Circle, Virginia Beach, Virginia 23455 ("Battle Royal"), which was his parents' address at all relevant times and where he lived from September 13 until September 30, 2004. Three certified letters, two addressed to Bostic and Abante at the Kings Way address and one addressed only generally to the same zip code, containing the summons and complaint were sent by the Franklin County Clerk of Courts ("clerk's office"). The green certified return cards were returned to the clerk's office with the signature of "L.D. Bostic," Bostic's mother, dated October 9, 2004. After the clerk's office received the green cards, it received, on October 14, 2004, three letters, dated October 11, 2004, from "L.D. Bostic," which were attached to the envelopes used to seek certified mail service. The letters stated that the postal carrier had delivered the envelopes addressed to the Kings Way address to the Battle Royal address because they were on the same route, L.D. Bostic had signed for them, and, if the clerk's office would send her a self-addressed envelope, she would forward Bostic's new address.
 {¶ 4} In addition, certified mail service was also attempted upon Bostic individually at the Battle Royal address. This service went "unclaimed" after notices were delivered on October 13, 22, and 28, 2004. The certified mail service was then returned to the clerk's office on November 15, 2004. Further, service was attempted for CapAtlantic at 220B Southgate Avenue, Virginia Beach, Virginia 23462 ("220B Southgate"). Notices were delivered to that address on October 12, November 27, and December 1, 2004, but certified mail service was returned to the clerk's office as "unclaimed" on December 6, 2004. After service to Bostic and CapAtlantic was returned unclaimed, Meglan requested service be obtained via ordinary mail on December 14, 2004, to Bostic at the Battle Royal address and to CapAtlantic at the 220B Southgate address. The ordinary mail was not returned, and service was deemed complete.
 {¶ 5} On February 1, 2005, Meglan filed a motion for default judgment. On February 17, 2005, Bostic's attorney filed a notice of appearance. On February 22, 2005, the trial court granted a default judgment against Abante, Bostic, and CapAtlantic. Abante, Bostic, and CapAtlantic filed a motion to vacate the default judgment on March 3, 2005, claiming service was improper and they had no notice of the action until February 8, 2005. An evidentiary hearing on the motion to vacate was held on June 22, 2005. At the hearing, Bostic stated he resided at the Kings Way address initially and then resided at the Battle Royal address for approximately two weeks, although he did not read any of the mail forwarded to him from his parents. He also claimed that CapAtlantic's mail had been mistakenly delivered to a vacant office at 220A Southgate Avenue ("220A Southgate"), and he did not become aware of the service by ordinary mail to CapAtlantic until February 8, 2005, after a new tenant moved into 220A Southgate and delivered the mis-delivered mail to 220B Southgate. Bostic stated he then contacted legal counsel no later than February 11, 2005, after which his current attorney filed a notice of appearance in the present case on February 17, 2005. After his counsel contacted Meglan's counsel on February 17, 2005, he then contacted the trial court's bailiff on the same day and left a voicemail indicating that the parties were negotiating whether Meglan would consent to allowing the defendants to move or plead. However, default judgment was granted on February 22, 2005. On July 12, 2005, the trial court denied a motion to vacate the default judgment filed by Abante, Bostic, and CapAtlantic. Bostic and CapAtlantic (hereafter "appellants") appeal the judgment of the trial court, asserting the following assignments of error:
First Assignment of Error: The Trial Court Abused Its Discretion in Denying The Motion of Appellants-Defendants For Relief From The Default Judgment Pursuant to Rule 60(B) And Rule 55(B).
Second Assignment of Error: The Trial Court Erred In Not Vacating The Entry Of Default Judgment As To Bostic Because He Never Received Service Of Process.
 {¶ 6} Appellants argue in their first assignment of error that the trial court erred in denying their motion for relief from the default judgment pursuant to Civ.R. 60(B) and 55(B). An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for relief of judgment under an abuse of discretion standard. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} In order for appellants to prevail on their Civ.R. 60(B) motion for relief from judgment, they have to demonstrate that: (1) they have a meritorious defense or claim to present if relief is granted; (2) they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electricv. ARC Industries (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus. Appellants maintain they were entitled to relief from judgment under either Civ.R. 60(B)(1), which permits vacation of a judgment resulting from mistakes, excusable neglect or inadvertence, or Civ.R. 60(B)(5), which permits vacation of a judgment for any other reason that justifies relief.
 {¶ 8} In the present case, the parties agree that appellants timely filed their Civ.R. 60(B) motion, and, therefore, the third prong of the GTE standard was met. With regard to the first prong of the test in GTE, appellants were required to demonstrate that they had a meritorious defense to present if relief was granted. A party requesting Civ.R. 60(B) relief from judgment is only required to allege a meritorious defense, not to prove he will prevail on that claim or defense. State Farm Ins.Co. v. Valentino, Mahoning App. No. 02-CA-119, 2003-Ohio-3487, at ¶ 18. However, the movant must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test. Syphard v. Vrable (2001),141 Ohio App.3d 460, 463. A proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint.Amzee Corp. v. Comerica Bank-Midwest, Franklin App. No. 01AP-465, 2002-Ohio-3084, at ¶ 20. If the movant has a meritorious defense, then doubt, if any, should be resolved in favor of the motion to set aside the judgment so that the case may be decided on their merits. GTE, at paragraph three of the syllabus.
 {¶ 9} In the present case, appellants submitted affidavits raising specific defenses to Meglan's claim. Bostic submitted a sworn affidavit indicating that appellants never agreed to absolutely and unconditionally guarantee payment to Meglan for services it claimed to have provided to Abante. Bostic also submitted another affidavit averring that neither he nor CapAtlantic promised to pay the remaining balance owed to Meglan by Abante. The trial court found the statements in these affidavits were "bare allegations" and "mere assertions," and insufficient to demonstrate a meritorious defense.
 {¶ 10} It is true that to simply state that a party has a meritorious defense, without more, is insufficient to satisfy theGTE standard. Domestic Linen Supply Laundry Co. v. King,
Mahoning App. No. 05-MA-62, 2006-Ohio-756, at ¶ 14. However, in the present case, appellants did not merely state they had a meritorious defense. Bostic submitted two affidavits specifically averring neither he nor CapAtlantic guaranteed payment to Meglan on Abante's behalf. Although the trial court admitted that Bostic's sworn denial of an oral agreement to pay Abante's obligation constituted an affirmative defense, it called it a "weak" assertion and found Bostic failed to support the contention with any evidence at the hearing. However, Bostic's affidavit was sufficient to demonstrate a meritorious claim for purposes of Civ.R. 60(B). It is difficult to conceive how appellants could have presented evidence to show the lack of existence of an oral agreement. Further, although a hearing was granted, appellants were not required to prove that their Civ.R. 60(B) arguments would prevail at trial. Their burden at the hearing was merely to demonstrate the existence of a meritorious defense and not establish the merit of the defenses. See Natl.City Bank v. Rini, 162 Ohio App.3d 662, 2005-Ohio-4041, at ¶ 22. At the hearing, Bostic reiterated the same defense as indicated in the affidavits and testified repeatedly that he never told Meglan that he or CapAtlantic would pay Abante's debt. The lack of any agreement that appellants were to assume the debts of Abante to Meglan, if true, would have constituted a meritorious defense to Meglan's claims. Therefore, we find Bostic's specific allegations and sworn denials were sufficient to meet the first prong of the GTE standard.
 {¶ 11} With regard to the second prong of the GTE test, appellants' claim they are entitled to relief under Civ.R. 60(B)(5), because the trial court violated Civ.R. 55(A) in granting the default judgment. Court errors and omissions are reasons that may justify relief under Civ.R. 60(B)(5). State exrel. Gyurcsik v. Angelotta (1977), 50 Ohio St.2d 345. Such errors or omissions include the entry of a default judgment without the notice that Civ.R. 55(A) requires. Ervin v. PatronsMut. Ins. Co. (1985), 20 Ohio St.3d 8; Allstate Ins. Co. v.Hunt, Montgomery App. No. 20991, 2006-Ohio-238, at ¶ 16; Niemanv. Bunnell Hill Dev. Co., Inc., Butler App. No. CA2002-10-249,2004-Ohio-89, at ¶ 21; Bernel Foam Products Co., Inc. v.Colamco, Inc. (Oct. 28, 1982), Franklin App. No. 81AP-985. Civ.R. 55(A) provides, in pertinent part:
When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.
 {¶ 12} Appellants argue that their counsel made an appearance, as contemplated by Civ.R. 55(A), in the action on February 17, 2005, by filing a notice of appearance with the court and contacting the court's bailiff to inform the court that the parties were negotiating whether Meglan would agree to give appellants leave to file an answer. Thus, because they made an appearance, appellants maintain that the trial court improperly granted the default judgment prior to the expiration of seven days, as required by Civ.R. 55(A).
 {¶ 13} Civ.R. 55(A) is clear that, if the defendant has not made an appearance, he or she is not entitled to a seven-day notice before default judgment may be entered. Alliance Group,Inc. v. Rosenfield (1996), 115 Ohio App.3d 380, 389. However, if a party or his or her representative has appeared as a matter of record in any manner, the notice and hearing required by Civ.R. 55(A) must be given to that party before default judgment may be granted. See Mattress Distrib., Inc. v. Cook, Cuyahoga App. No. 81794, 2003-Ohio-1361, at ¶ 10, citing Hartmann v. Ohio CrimeVictims Reparations Fund (2000), 138 Ohio App.3d 235, 238. Compliance with the seven-day notice requirement of Civ.R. 55(A) is mandatory. See Midwest Flooring Lining, Inc. v. ExpressPainting Corp., Stark App. No. 2001CA00353, 2002-Ohio-2564, citing AMCA Internatl. Corp. v. Carlton (1984),10 Ohio St.3d 88.
 {¶ 14} In addition, courts, including this one, have generally construed the term "appeared" in Civ.R. 55(A) liberally. See Kids v. Pitman (Mar. 29, 1990), Franklin App. No. 89AP-1106, citing BancOhio Natl. Bank v. Mager (1988),47 Ohio App.3d 97; Hyway Logistic Serv., Inc. v. Ashcraft (Feb. 2, 2000), Hancock App. No. 5-99-40. The filing of a notice of appearance has been found to be sufficient to have "appeared in the action," as used in Civ.R. 55(A). See Asset Acceptance LLCv. Springer, Montgomery App. No. 20263, 2004-Ohio-5934, at ¶ 9
(filing of notice of appearance sufficient to trigger seven-day provision in Civ.R. 55[A]); Rennicker v. Jackson, Tuscarawas App. No. 2003AP090076, 2004-Ohio-3051, at ¶ 12-13 (because counsel for appellant filed a notice of appearance, appellant was entitled to seven days notice prior to the hearing on the motion); Mattress Distrib., Inc., at ¶ 11 (because attorney filed a notice of appearance, party was entitled to seven days notice and a hearing before the court could enter a default judgment against them, and the trial court's granting of default judgment four days after the written motion for default was filed and without a hearing was a clear violation of Civ.R. 55[A]). Further, the overriding concern in all cases is whether communication between parties or counsel, via telephone calls or otherwise, demonstrated a clear intent to defend the suit. SeeHyway Logistics Serv., supra. An "appearance" is made when that party clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made. Miamisburg Motel v. Huntington Natl. Bank (1993),88 Ohio App.3d 117, 126; Dayton Modulars, Inc. v. Dayton ViewCommunity Dev. Corp., Montgomery App. No. 20894, 2005-Ohio-6257, at ¶ 15. Also, even where a defendant's filings or communications are subsequent to a plaintiff's motion for default, the defendant is deemed to have made an appearance and is entitled to the notice and hearing required under Civ.R. 55(A). MattressDistrib., Inc., at ¶ 10.
 {¶ 15} In the present case, appellants' attorney filed a notice of appearance on February 17, 2005. The filing of this notice of appearance was an "appearance" for purposes of Civ.R. 55(A). See Asset Acceptance LLC; Rennicker; MattressDistrib., Inc., supra. Further, appellants' counsel contacted Meglan's counsel on February 17, 2005 to discuss whether Meglan would consent to allowing appellants time to move or plead. This communication between counsel also demonstrated a clear intent that appellants planned to defend the suit. See MiamisburgMotel; Dayton Modulars; Hyway Logistics Serv., supra. Therefore, appellants were entitled to the seven-day notice required by Civ.R. 55(A). Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and must be vacated. See Hartmann, at 238. Thus, the trial court's award of default judgment on February 22, 2005, was improper, and, additionally, appellants have met the third requirement of theGTE standard.
 {¶ 16} As indicated above, it is well-established that doubt, if any, concerning a motion under Civ.R. 60(B) should be resolved in favor of a motion to vacate a default judgment when a movant timely alleges a meritorious defense so that disputes may be resolved on their merits. GMAC v. Deskins (1984),16 Ohio App.3d 132. This is particularly true when the amount of the default judgment is substantial, as is the judgment for over $75,000 in the case sub judice. See Zane v. D.D.M., Inc. (Dec. 3, 1992), Cuyahoga App. No. 61041. Therefore, for the above reasons, we find appellants satisfied the three prongs enunciated in GTE, and, thus, were entitled to have the default judgment vacated. The trial court erred in denying appellants' motion for default judgment pursuant to Civ.R. 60(B), and appellants' first assignment of error is sustained.
 {¶ 17} Appellants argue in their second assignment of error that the trial court erred in not vacating the entry of default judgment as to Bostic because he never received service of process. Given our disposition of appellants' first assignment of error, appellants' second assignment of error is moot.
 {¶ 18} Accordingly, appellants' first assignment of error is sustained, appellants' second assignment of error is moot, the judgment of the Franklin County Court of Common Pleas denying appellants' motion for relief from judgment, pursuant to Civ.R. 60(B), is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
McGrath and Deshler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C)[NAF1], Article IV, Ohio Constitution.