DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Tammy Dailey, appeals the Ross County Court of Common Pleas grant of default judgment in favor of Appellees on their amended complaint in foreclosure of a land contract. Appellant contends that she was denied appropriate notice and the opportunity for a hearing while she was represented by counsel and that the trial court erred in granting Appellees' motion for default judgment, which she claims was prematurely filed. Because Appellant appeared at the hearing on the motion *Page 2 
for default judgment and failed to assert the affirmative defense of failure of service of process at that time, we conclude she has waived that argument for purposes of appeal and therefore we overrule her first assignment of error. Further, because Appellant has waived any defect in the service of the amended complaint on her, rather than her attorney, by regular mail, we conclude that Appellees' motion for default was not prematurely filed or improperly granted. Thus, we overrule Appellant's second assignment of error. Accordingly, we affirm the decision of the trial court.
 FACTS {¶ 2} On December 8, 2006, Appellees filed a complaint for forfeiture of a land contract as against Appellant. When Appellant failed to answer or otherwise plead in response to the complaint, Appellees, on February 2, 2007, filed a motion for default judgment. By entry dated April 10, 2007, the trial court granted Appellees' motion for default judgment, reserving the issue of damages to be determined at a later hearing, scheduled to take place on April 27, 2007. Thereafter, on April 24, 2007, Appellant filed, by and through counsel, a motion for relief from judgment, which was ultimately granted on June 22, 2007.
 {¶ 3} As a result, the matter proceeded to discovery until Appellant's counsel, on August 14, 2007, filed a motion to withdraw. That motion, *Page 3 
along with several other motions, was set for hearing on September 28, 2007. Although Appellees suggest that the motion to withdraw was orally granted at the hearing, there is no corresponding entry in the record to confirm that assertion. Despite Appellant's counsel's motion to withdrawal, counsel continued to file various pleadings on Appellant's behalf, including a memorandum contra motion to compel sanctions, as well as a pretrial brief.
 {¶ 4} On October 31, 2007, Appellees filed an amended complaint for foreclosure.[2] Apparently believing that Appellant was no longer represented by counsel, Appellees served Appellant with the amended complaint by regular mail on October 29, 2007. When Appellant failed to respond to the amended complaint, Appellees filed a motion for default judgment on December 20, 2007. Because the motion for default judgment contained an error, Appellees filed a second motion for default judgment as against Appellant on January 7, 2007. By entry dated February 11, 2008, the trial court scheduled a hearing on the motion for default judgment to take place on March 5, 2008. Appellant was served notice of this hearing via regular mail directly from the trial court. *Page 4 
 {¶ 5} On March 5, 2008, Appellant appeared pro se at the hearing on the motion for default judgment. Because Appellant has failed to provide us with a copy of the transcript from that hearing, there is no evidence in the record before us to discern the issues, objections or affirmative defenses that may have been raised and discussed at the hearing. Subsequently, by entry dated March 11, 2008, the trial court granted default judgment in favor of Appellees, as against all defendants. It is from this judgment entry that Appellant now brings her timely appeal, assigning the following errors for our review.
 ASSIGNMENTS OF ERROR "I. THE DEFENDANT-APPELLANT WAS DENIED APPROPRIATE NOTICE AND THE OPPORTUNITY FOR A HEARING WHILE SHE WAS REPRESENTED BY COUNSEL.
 II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PREMATURELY FILED."
 LEGAL ANALYSIS {¶ 6} In her first assignment of error, Appellant contends that she was denied appropriate notice and the opportunity for a hearing while she was represented by counsel. Specifically, Appellant argues that because an amended complaint in foreclosure was served upon her, rather than her attorney, that she was denied notice and an opportunity for a hearing. Appellees counter Appellant's argument by arguing that because Appellant *Page 5 
actually appeared pro se at the hearing on the motion for default judgment and failed to raise the issue of defective service, that she has waived that argument for purposes of appeal. We agree.
 {¶ 7} Initially, we briefly address the underlying issue of whether service of the amended complaint in foreclosure should have been made directly on Appellant, or her counsel. As set forth above, though Appellant's counsel had filed a motion for withdrawal, the record is devoid of any evidence that suggests that the trial court granted the motion. In the absence of such evidence, we conclude that Appellant was still represented by counsel at the time the amended complaint in foreclosure was served. Thus, counsel, rather than Appellant, should have been served. See, Steiner v. Steiner (1993), 85 Ohio App.3d 513,620 N.E.2d 152 (noting that Civ. R. 5(A) and (B) provide for service of every pleading subsequent to the original complaint to be served upon a represented party's attorney of record); See, also, Ervin v. Patron'sMutual Insurance Company (1985), 20 Ohio St.3d 8, 484 N.E.2d 695 at syllabus (holding that "[f]or purposes of Civ. R. 5(B), in order that service be effective on a party by serving that party's attorney, the attorney must be an attorney of record in the trial court."); Verber v.Wilson, Franklin App. No. 96APF09-1255, 1997 WL 304403 (reasoning that "[a]n attorney becomes an attorney of record in the particular proceedings by his *Page 6 
subscription of a pleading or paper served and filed in that action."; Citing McCormac, Ohio Civil Rules Practice (2d Ed. 1992) 137, Section 6.07.[3]
 {¶ 8} However, despite our determination that counsel, rather than Appellant, should have been served the amended complaint in foreclosure, we conclude that any defect in service was waived by Appellant when she appeared pro se at the scheduled hearing on the subsequently filed motion for default judgment. Appellant's appearance at the hearing confirms that while service of the amended complaint in foreclosure, as well as the motion for default judgment may have technically been defective, she had actual notice of the filings and did, in fact, attend the hearing. Further, there is no evidence in the record before us to suggest that Appellant complained of the defective service when she appeared at the hearing.[4] Thus, she has waived any argument related to defective service for purposes of appeal. See, Civ. R. 12(B) and (H) (providing that insufficiency of service of process is an affirmative defense that is waived if it is not raised by motion or responsive pleading); State ex rel. Athens County Department of Job and Family *Page 7 Services, et al. v. Martin, Athens App. No. 07CA11, 2008-Ohio-1849
(holding that "[a] defendant must raise a challenge to the trial court's personal jurisdiction over him at the earliest opportunity; otherwise, he risks a finding that he waived any defects in service, allowing a court to enter a valid personal judgment against him. See Limbaugh v.Western Ohio R. Co. (1916), 94 Ohio St. 12, 14, 113 N.E.2d 687 * * *";Davis v. Davis, Cuyahoga App. No. 82343, 2003-Ohio-4657, noting that the affirmative defense of service of process can be waived by failing to raise it as an affirmative defense before participating in the legal proceedings). Accordingly, because Appellant has waived any and all arguments regarding defects in service of process of the amended complaint in foreclosure, we overrule her first assignment of error.
 {¶ 9} In her second assignment of error, Appellant contends that the trial court erred in granting Appellees' motion for default judgment, which Appellant contends was prematurely filed. In support of her argument, Appellant contends that she was not served with the amended complaint in foreclosure until December 31, 2007, and that Appellees filed two motions for default judgment: the first one prior to her being served on December 31, 2007, and second one on January 7, 2008, just seven days after she was served with the amended complaint in foreclosure. As such, Appellant *Page 8 
argues that Appellees prematurely filed their first and second motions for default judgment prior to the expiration of Appellant's time to file a responsive pleading to the amended complaint in foreclosure. Because we have concluded that the amended complaint in foreclosure was served on Appellant by regular mail on October 29, 2007, and that she failed to raise any defects of service as a result of the failure to serve her attorney, we disagree with Appellant's time calculations upon which she bases her argument.
 {¶ 10} Appellees' amended complaint in foreclosure constituted an amended or supplemental pleading under Civ. R. 15. Civ. R. 5(A) provides that "every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, * * * shall be served upon each of the parties." Civ. R. 15(B) provides that "[w]henever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court."[5] Civ. R. 15(B) also provides for service by mail and states that "[s]ervice by mail is complete upon mailing." Thus, the record reflects that Appellees served the amended complaint in foreclosure on Appellant by *Page 9 
regular mail on October 29, 2007. As a result, service was perfected on that date.
 {¶ 11} As set forth above, the amended complaint in foreclosure constituted an amended pleading under Civ. R. 15. Civ. R. 15(A) provides that "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Further, because Appellant was served by regular mail, we must consider Civ. R. 6(E), which provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." As such, Appellant had seventeen days from November 1, 2007, in which to respond to Appellees' amended complaint in foreclosure, or until November 17, 2007. The record before us indicates that Appellant failed to file a responsive pleading to the amended complaint, either before or after the time in which to do so expired.
 {¶ 12} Appellees filed their first motion for default judgment on December 20, 2007, well after Appellant's time in which to respond to the amended complaint in foreclosure had expired. The record further indicates *Page 10 
that Appellant was served, by regular mail, with the first motion for default judgment on December 27, 2007. Because the first motion for default judgment improperly requested that the land contract at issue be "forfeited" rather than "foreclosed," Appellees filed a second, corrected motion for default judgment on January 7, 2008. The record indicates that Appellant was served this second motion by regular mail on January 3, 2008. Thereafter, by entry dated February 11, 2008, the trial court set the matter for hearing on the motion for default judgment on March 5, 2008, and notified Appellant, by regular mail, the same day. With respect to the notice requirements related to hearings on motions for default judgment, Civ. R. 55 (A) simply provides that "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." A review of the record indicates that Appellant was notified of the application for default judgment on December 27, 2007, again on January 3, 2008, and a final time on February 11, 2008, thus providing her with much more than the required seven day notice. *Page 11 
 {¶ 13} On March 5, 2008, Appellant appeared pro se at the hearing on the motion for default judgment.[6] As such, it is evident that she received notice of the hearing, was present at the hearing, and, therefore, was not denied an opportunity to be heard on the issues. Again, because Appellant has failed to provide us with a copy of the transcript from this hearing, there is no evidence before us to suggest that Appellant raised the affirmative defense of failure of service, or that she was unclear as to whether the hearing was being held in response to the first or second motion for default judgment that had been filed. As such, Appellant failed to preserve those issues for review and has waived them for purposes of appeal. Because we find that Appellees' first and second motions for default judgment were not prematurely filed and that Appellant received proper notice of the hearing on the motions, we overrule her second assignment of error.
 {¶ 14} Accordingly, we affirm the decision of the trial court.
 JUDGMENT AFFIRMED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.
[2] In addition to amending the complaint from forfeiture to foreclosure of the land contract, the amended complaint also added Jerald Byers, Ross County Treasurer, All State Home Mortgage, Beneficial Ohio, Inc. and the Ross County Health Department as defendants.
[3] We include reference to the last two citations in order to address Appellees' passing argument that because Appellant's trial counsel never actually entered an appearance, but simply filed pleadings and attended hearings, he was never actually an attorney of record. As inVerber, though Appellant's trial counsel did not file a formal notice of appearance, he did undertake representation of Appellant by filing pleading papers and attending hearings on her behalf. As such, he was counsel of record and was still counsel of record at the time the amended complaint in foreclosure was served directly upon Appellant.
[4] Appellant has failed to provide us with a copy of the transcript from the hearing on the motion for default judgment and there is no evidence in the record to suggest that Appellant filed any pleadings or motions bringing the issue of defective service to the attention of the trial court.
[5] As set forth in our disposition of Appellant's first assignment of error, Appellant has waived any and all arguments regarding Appellees' failure to serve her attorney of record.
[6] Appellant complains that a third motion for default judgment was filed on March 3, 2008, which was also considered at the March 5, 2008, hearing. Appellant argues that she did not receive sufficient notice of this third motion for default judgment and was denied an opportunity to respond. However, a review of the record indicates that the third motion was filed as against Allstate Home Mortgage and Beneficial Ohio only. Because Civ. R. 55(A) only requires seven days notice of the hearing to be provided to the "party against whom judgment by default is sought), we find no error related to the filing of this third motion or its consideration by the trial court at the March 5, 2008, hearing. Further, Allstate Home Mortgage and Beneficial Ohio have not filed appeals in this matter. *Page 1