[Cite as *Fid. Natl. Title Co. v. Carlson*, 2018-Ohio-4274.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION, SUCCESSOR BY MERGER TO LAWYERS TITLE INSURANCE CORPORATION, A NEBRASKA CORPORATION, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2018-G-0156** |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| CLARENCE JAMES CARLSON a.k.a. CLARENCE CARLSON, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2014 F 00128.

Judgment: Affirmed.

*Amelia A. Bower*, Plunkett & Cooney, 300 East Broad Street, Suite 590, Columbus, OH 43215 (For Plaintiff-Appellee).

*Clarence James Carlson & Deborah Carlson*, pro se, 301 Sylvia Drive, Chardon, OH 44024 (Defendants-Appellants).

DIANE V. GRENDELL, J.

{¶1} Defendants-appellants, Clarence James and Deborah V. Carlson, appeal the January 11, 2018 Amended Order Confirming Sale and Ordering Distribution of Proceeds, entered by the Geauga County Court of Common Pleas with respect to the sale of real estate commonly known as 301 Sylvia Drive, Chardon. The issues before

this court are whether notice of sheriff's sale complies with the statutory requirements where it is served upon a party's attorney of record. For the following reasons, we affirm the Order of the court below.

{¶2} On February 12, 2014, plaintiff-appellee, Fidelity National Title Insurance Company, filed a Complaint for Money Judgment and Foreclosure against the Carlsons and others.[1] The Complaint alleged that the Carlsons had defaulted on a Restructure Promissory Note secured by a Mortgage and sought judgment under the Note and foreclosure of the Mortgage.

{¶3} On July 22, 2015, the trial court issued a Judgment Entry and Decree of Foreclosure, awarding Fidelity National the amount of $241,977.21 on the Note, finding that the Mortgage securing the Note constitutes a valid and first lien upon the premises known as 301 Sylvia Drive, and ordering the sale of the real estate.

{¶4} On July 21, 2016, the property was sold at sheriff's sale.

{¶5} On August 5, 2016, Fidelity National filed a Motion for Entry of Order Confirming Sale and Ordering Distribution of Sale Proceeds.

{¶6} On January 3, 2018, the trial court granted Fidelity National's Motion for Entry of Order Confirming Sale, and on January 11, 2018, issued an Amended Order Confirming Sale and Ordering Distribution of Proceeds.

{¶7} On February 12, 2018, the Carlsons filed a Notice of Appeal. On appeal, they raise the following assignments of error[2]:

---

1. Also named as defendants, but who are not parties to this appeal, were: Midland Funding LLC, Capital One Bank USA NA, Retail Recovery Serv NJ Inc., and the United States of America.
2. Edited for clarity.

{¶8} "[1.] The Carlsons did not receive any Certified Mail giving notice of sale or any other type of notice therefore motion to vacate should have occurred at the Civil Court."

{¶9} "[2.] The Carlsons presented the lower court documentation of their last payment made to Lawyers Title Insurance Co. on 02/08/2008. Plaintiff Fidelity National Title Insurance Company, filed their complaint on 02/14/2014 [beyond] Ohio Statute 1303.16 of lim[itations]."

{¶10} "[3.] The amount of Loan is incorrect according to County Recorder Volume 1373 Page 66 Dated 06/07/2001 amount of note $81,250 and including Book 1187 Page 337 Restructure of loan Amount $68,800 for a total of $149,050."

{¶11} "[4.] Notary inconsistency[:] On 05/15/2007 Ronald B. Ramos Senior Vice President of Lawyers Title Insurance Corp. signed on a Texas Document by Notary Michelle Smith, Notary Commonwealth of Virginia filed 04/03/2007 prepared by Amelia A. Bower."

{¶12} "The confirmation [of sale] process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 40. "Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court." (Citation omitted.) *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990); *Reed v. Radigan*, 42 Ohio St. 292, 294 (1884) (a court is "to exercise sound legal discretion" as to "a confirmation or vacation of the sale").

{¶13} In their first assignment of error, the Carlsons contend that they did not receive notice of the sheriff's sale.

3

{¶14} "Lands and tenements taken in execution shall not be sold until * * * the judgment creditor who seeks the sale of the lands and tenements * * * [c]auses a written notice to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor * * *."  R.C. 2329.26(A)(1)(a)(i).  "If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party."  Civ.R. 5(B)(1).

{¶15} In the present case, the Carlsons had been represented by Attorney Marc Dann at least until the July 22, 2015 Judgment Entry and Decree of Foreclosure.  Thereafter, Attorney Dann remained counsel of record although there was no activity in the case on account of the Carlsons' bankruptcy case.  On March 30, 2016, the case was returned to the trial court's active docket with service thereof being sent to Attorney Dann.  On June 28, 2016, service of the Notice of Sheriff's Sale was made upon Attorney Dann.

{¶16} On July 11, 2016 (ten days prior to sale), the Carlsons made their first filing pro se, a Motion to Vacate Judgment, seeking the vacation of "the judgment entered in this action and staying execution of the writ of restitution."  This Motion was based on the claim that the statute of limitations had run prior to the filing of the foreclosure complaint.

{¶17} On July 19, 2016 (two days prior to sale), the Carlsons filed another motion pro se, a Motion to Set Aside Land and Tenements (Sections 2329.26 & 2327.27 [sic]), seeking the same relief based on failure to comply with the notice statutes.

{¶18} We find no error in the trial court's confirmation of sale on account of the notice provided. Strictly speaking, there was full compliance with R.C.

4

2329.26(A)(1)(a)(i) inasmuch as service of the sale was made on the Carlsons' attorney of record. Attorney Dann never moved to withdraw as counsel and the Carlsons never advised the court that he was no longer representing them. The Carlsons' first filing pro se did not occur until after notice of the sheriff's sale had been served. *Lopresti v. O'Brien*, 11th Dist. Geauga No. 2016-G-0084, 2017-Ohio-5637, ¶ 26 ("[t]he trial court satisfied the requirements of due process" where, "[p]rior to the motion for withdrawal being granted, [it] * * * mailed appellant's counsel a copy of the notice for the * * * hearing"); *Schroeder v. Dailey*, 4th Dist. Ross No. 08CA0321, 2008-Ohio-6100, ¶ 7 ("[i]n the absence of such evidence [that the court had granted appellant's counsel motion to withdraw], * * * Appellant was still represented by counsel at the time the amended complaint in foreclosure was served").

{¶19} Moreover, any deficiency in the notice given was inconsequential inasmuch as the Carlsons were aware of the sheriff's sale as evidenced by their Motions seeking a stay thereof. *Aurora Bank F.S.B. v. Gordon*, 8th Dist. Cuyahoga No. 103138, 2016-Ohio-938, ¶ 20 ("Ohio courts have * * * recognized that failure to strictly comply with a statutory provision governing the sale of a foreclosed property does not necessarily require a sheriff's sale to be set aside or preclude the confirmation of a sale when the opponent of the sale has not suffered any harm or prejudice"); *Fifth Third Mtge. Co. v. Rankin*, 4th Dist. Pickaway No. 11CA8, 2012-Ohio-2806, ¶ 23 ("a trial court may clearly exercise its discretion to confirm a sale where no prejudice results from a lack of specific compliance with the notice requirements of R.C. 2329.26(A)(1)(a)"); R.C. 2329.27(B)(3)(a)(i) ("[i]f the court to which the execution is returnable enters its order confirming the sale of the lands and tenements, * * * [t]he order shall be deemed to constitute a judicial finding * * * [t]hat the sale of the lands and tenements complied with

5

the written notice requirements of division (A)(1)(a) of section 2329.26 of the Revised Code * * *, or that compliance of that nature did not occur but the failure to give a written notice to a party entitled to notice under division (A)(1)(a) of section 2329.26 of the Revised Code has not prejudiced that party").

{¶20} The first assignment of error is without merit.

{¶21} The Carlsons' remaining assignments of error challenge the validity of the underlying July 22, 2015 Judgment Entry and Decree of Foreclosure. This Judgment was not appealed and has become final. Accordingly, this court is without jurisdiction to consider these arguments. *U.S. Bank, Natl. Assn. v. Sanders*, 2017-Ohio-1160, 88 N.E.3d 445, ¶ 16 (8th Dist.) ("[b]ecause appellant failed to pursue an appeal of the February 22, 2016 foreclosure order, any argument pertaining to it is now barred"); *Citifinancial, Inc. v. Haller-Lynch*, 9th Dist. Lorain No. 06CA008893, 2006-Ohio-6908, ¶ 6 ("[b]ecause [appellant] did not timely appeal the foreclosure order, any issues concerning the mortgage have been waived and those issues may not be raised in an appeal from an order confirming the sheriff's sale") (citation omitted).

{¶22} The second, third, and fourth assignments of error are without merit.

{¶23} For the foregoing reasons, the Geauga County Court of Common Pleas' Amended Order Confirming Sale and Ordering Distribution of Proceeds is affirmed. Costs to be taxed against appellants.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

6