[Cite as *Starner v. Merchants Holding, L.L.C.*, 2018-Ohio-1165.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffrey Starner, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-621 |
| v. | : | (C.P.C. No. 15CV-9115) |
| Merchants Holding LLC, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 29, 2018

---

**On brief:** *Thomas C. Loepp, Law Offices Co., LPA*, and *Thomas C. Loepp*, for appellee. **Argued:** *Thomas C. Loepp*.

**On brief:** *Brunner Quinn, Rick L. Brunner*, and *Patrick M. Quinn*, for appellant. **Argued:** *Patrick M. Quinn*.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Merchants Holding LLC, appeals the July 28, 2017 decision and entry of the Franklin County Court of Common Pleas. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This matter arises out of appellant's purchase of businesses from plaintiff-appellee, Jeffrey Starner. On July 18, 2014, the parties executed a Stock and Membership Interest Purchase Agreement (the "agreement"). Pursuant to the agreement, appellant received the businesses in exchange for its execution of a cognovit note for the principal amount of $400,000 together with interest as set forth in the note. The cognovit note provided in pertinent part as follows:

FOR VALUE RECEIVED, Merchants Holding, LLC * * * ("Borrower"), promises to pay to the order of Jeffrey Starner ("Lender," which term shall include any subsequent holder hereof), * * * the principal sum of Four Hundred Thousand Dollars (U.S. $400,000.00) (the "Principal Sum"), together with interest, at the rates and in the manner hereinafter set forth.

1.  INTEREST

1.1 Interest will accrue on the outstanding balance of the Principal Sum from the date hereof until this Note is paid in full at a rate of Six and 00/100ths Percent (6.00%) per annum, subject to the applicability of the Default Rate as provided below.

2.  PAYMENTS

2.1      This note shall be payable as follows:

(i) Commencing on February 15, 2015 and on the 15th day of each month thereafter thru and including June 15, 2016, interest only payments of $2,000;

(ii) Commencing July 15, 2016 and on the 15th day of each month thereafter thru and including June 15, 2019, principal and interest payments of $3,487.04; and

(iii) On July 15, 2019, unless sooner paid or declared due and payable in accordance with Subsection 5.2 of this Note, the balance, $359,119.84.

Payments received will be applied in the following order: (i) to accrued interest and (ii) to principal.

* * *

4. SECURITY

4.1 This Note is delivered in connection with the Stock and Membership Interest Purchase Agreement ("Purchase Agreement") of even date.

* * *

5. DEFAULT

5.1 The term "Event of Default" shall mean:

(a) A failure by Borrower to make any payment of principal or interest or both when due pursuant to the terms of this Note;

* * *

5.2 Upon the occurrence of any Event of Default, Lender shall provide notice of the perceived default in writing to Borrower. Borrower shall then have thirty (30) days to cure the default. If the default is not cured within thirty (30) days, the entire indebtedness shall thereupon bear interest at the Default Rate of Interest, and at the option of Lender, all the Indebtedness together with interest thereon at the Default Rate of Interest of Ten Percent (10%) per annum shall immediately become due and payable, and Lender shall have all remedies of a secured party under law and equity to enforce the payment of all of the indebtedness, time being of the essence in the Note. The Default Rate of Interest shall be charged to Borrower upon the occurrence of any Event of Default that is not cured by Borrower notwithstanding any invoices or billing statements sent by Lender to Borrower indicating an interest rate to the contrary. In addition, any waiver of Lender's right to charge the Default Rate of Interest or to declare the indebtedness immediately due and payable must be made in writing and cannot be waived by oral representation or the submission to Borrower of monthly billing statements.

6. MISCELLANEOUS

6.1 The failure of Lender to exercise any option herein provided upon the occurrence of any Event of Default shall not constitute a waiver of the right to exercise such option in the event of any continuing or subsequent Event of Default. Borrower hereby agrees that the maturity of all or any part of the indebtedness may be postponed or extended and that any covenants and conditions contained in the Note or in any of the other Loan Documents may be waived or modified without prejudice to the liability of Borrower on the Note or other Loan Documents.

* * *

6.8 Borrower hereby authorizes any attorney-at-law to appear in any court of record in the State of Ohio or in any other state or territory of the United States at any time after the Note becomes due, whether by acceleration or otherwise, to waive

the issuing and service of process, and to confess judgment against Borrower in favor of Lender for the amount due together with interest, expenses, the costs of suit and reasonable counsel fees, and thereupon to release and waive all errors, rights of appeal and stays of execution.

* * *

**WARNING--- BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL.**

(Emphasis sic.) (Mar. 21, 2016 Deft.'s Ex. 6.)[1]

{¶ 3} On October 13, 2015, appellee filed a complaint on cognovit note asserting that, pursuant to a cognovit note executed July 18, 2014, appellant owed appellee $400,000 plus interest at 10 percent from February 15, 2015, in addition to court costs and reasonable attorney fees.

{¶ 4} On October 13, 2015, counsel for appellant filed an answer "waiv[ing] the issuance and service of process herein and confess[ing] judgment in favor of [appellee] against [appellant] in the amount of $400,000.00, plus interest at 10% on the amount owed under the Note as set forth in [the] Note, from February 15, 2015; reasonable attorneys' fees; and the costs of this proceeding, taxed and to be taxed."  (Answer at 1.) Furthermore, counsel for appellant "release[d] and waive[d] all exceptions, errors and rights of appeal." (Answer at 1.)  On October 22, 2015, the trial court filed a judgment entry granting judgment in favor of appellee in the amount sought in the complaint.

{¶ 5} On November 17, 2015, appellant filed a motion for relief from judgment under Civ.R. 60(B).  On January 4, 2016, appellee filed a memorandum contra appellant's motion for relief from judgment.  On February 22, 2016, appellant filed a reply in support of its motion for relief from judgment.  On March 21, 2016, the magistrate held a hearing on appellant's motion for relief from judgment.  On May 2, 2016, the magistrate filed a

---

[1] We note that appellee in his complaint attached a copy of the cognovit note but stated the following: "Plaintiff has attached both a copy of the original note and a replacement note executed by Defendant on October 7, 2015 and provided to Plaintiff due to the fact that Defendant never forwarded the original note to Plaintiff and Defendant has since lost the original note.  See Exhibit A (copy of original note) and Exhibit B (replacement original executed note signed on 10/7/2015)." Neither party has raised as an issue for our consideration any differences between the versions of the cognovit note, nor do there appear to be any differences material to our analysis. Therefore, for purposes of this appeal, we consider the July 18, 2014 version of the cognovit note admitted into evidence at the March 21, 2016 hearing as Defendant's Exhibit 6.

decision, including findings of fact and conclusions of law, denying appellant's November 17, 2015 motion for relief from judgment.

{¶ 6} On June 23, 2016, appellant filed objections to the magistrate's decision. On June 30, 2016, appellee filed a memo contra appellant's objections. On July 7, 2016, appellant filed a reply in support of objections to magistrate's decision. On the same day, appellee filed a motion to strike appellant's reply in support of objections to the magistrate's decision. On July 21, 2016, appellant filed a memorandum in opposition to appellee's motion to strike and alternative motion for leave to file reply in support of objections to the magistrate's decision. On July 22, 2016, appellee filed a reply in support of motion to strike and memo contra appellant's motion for leave to file reply.

{¶ 7} On September 29, 2016, appellant filed a motion for leave to supplement objections to magistrate's decision with new development and other matters. On October 13, 2016, appellee filed a memo contra appellant's motion for leave to supplement objections to magistrate's decision.

{¶ 8} On June 15, 2017, the trial court filed a decision and entry granting appellee's July 7, 2016 motion to strike appellant's reply in support of objections to the magistrate's decision and denying appellant's September 29, 2016 motion for leave to supplement objections to magistrate's decision. On July 28, 2017, the trial court filed a decision and entry overruling appellant's objections to the magistrate's decision and adopting the magistrate's decision.

## II. Assignment of Error

{¶ 9} Appellant appeals and assigns the following sole assignment of error for our review:

> The trial court erred in denying Appellant's motion for relief from judgment under Rule 60(B) where Appellant presented evidence of the meritorious defense of payment.

## III. Discussion

{¶ 10} In its assignment of error, appellant asserts the trial court abused its discretion by denying its motion for relief from judgment under Civ.R. 60(B).

## A. Applicable Law

{¶ 11} Generally, in order to prevail on a motion for relief from judgment under Civ.R. 60(B), a movant must establish: "(1) a meritorious defense or claim to present, in the

event that relief from judgment is granted, (2) entitlement to relief under one of the provisions in Civ.R. 60(B)(1) through (5), and (3) compliance with the rule's time requirements." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 11, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 12} However, when a debtor challenges a cognovit judgment by filing a Civ.R. 60(B) motion, Ohio courts apply a modified *GTE* standard, requiring the movant to satisfy only the first and third requirements. *Mock Rd. Supermarket, Inc. v. MiraCit Dev. Corp.*, 10th Dist. No. 10AP-913, 2011-Ohio-4594, ¶ 8, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, ¶ 18 (11th Dist.). The second *GTE* requirement, i.e., whether the party is entitled to relief under one of the provisions in Civ.R. 60(B)(1) through (5), is automatically satisfied through Civ.R. 60(B)(5), which encompasses "any other reason justifying relief from the judgment." Thus, a movant challenging a cognovit judgment under Civ.R. 60(B) need only allege a meritorious defense and file a timely motion. *Mkt. Ready Real Estate Servs., Inc. v. Weber*, 10th Dist. No. 12AP-183, 2013-Ohio-4879, ¶ 8, citing *Huntington Natl. Bank v. Royal Mt. Sterling Corp.*, 10th Dist. No. 12AP-174, 2012-Ohio-4514, ¶ 13. *See also B & I Hotel Mgt., LLC v. Ditchman Holdings, L.L.L.P.*, 8th Dist. No. 84265, 2004-Ohio-6294, ¶ 31.

{¶ 13} This court has previously outlined defaults on cognovit notes as follows:

> A cognovit note contains provisions designed to cut off defenses available to a debtor in the event of default. * * * The holder of a cognovit note in default obtains a judgment without a trial of possible defenses which the signers of the note might otherwise assert. * * * This is so because, under a cognovit note, the debtor consents in advance to the holder obtaining a judgment without notice or hearing. * * * An attorney, whom the note holder may designate, appears on behalf of the debtor and, pursuant to provisions of the cognovit note, confesses judgment and waives the debtor's right to notice of the proceedings.

*Weber* at ¶ 12, quoting *Classic Bar & Billiards, Inc. v. Samaan*, 10th Dist. No. 08AP-210, 2008-Ohio-5759, ¶ 8. Although cognovit notes traditionally contain provisions removing every defense available to a debtor in the event of default except payment, "Ohio courts have also recognized additional meritorious defenses involving the integrity and validity of cognovit notes, including: ' "improper conduct in obtaining the debtor's signature on the

note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment." ' " *Mock Rd. Supermarket* at ¶ 10, quoting *Sadraoui v. Hersi*, 10th Dist. No. 10AP-849, 2011-Ohio-3160, ¶ 14, quoting *First Natl. Bank of Pandora v. Freed*, 3d Dist. No. 5-03-36, 2004-Ohio-3554, ¶ 9.

## B. Standard of Review

{¶ 14} Civ.R. 53 governs proceedings before a magistrate, including objections to a magistrate's decision. In ruling on objections to a magistrate's decision, the trial court must undertake an independent review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). In accordance with Civ.R. 53, a trial court reviews a magistrate's decision de novo. *James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 13.

{¶ 15} "The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error." *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14. The decision to grant or deny a Civ.R. 60(B) motion is left to the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. *Sadraoui* at ¶ 11, citing *Perry v. Gen. Motors Corp.*, 113 Ohio App.3d 318, 320 (10th Dist.1996). An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## C. Analysis

{¶ 16} First, appellant asserts it established the defense of payment by demonstrating that it made one installment payment. In support of this assertion, appellant contends that a check dated March 23, 2015 in the amount of $2,000 payable to appellee demonstrated that it made the February 15, 2015 installment payment. Appellant contends that once it "made this payment, which was accepted and cashed by [a]ppellee, [a]ppellant was not in default, since it had paid all that was owed under the cognovit note." (Appellant's Brief at 9.)

{¶ 17} In *B & I Hotel*, the defendant filed a Civ.R. 60(B) motion, asserting the defense of payment because "it had made all of the 'interest only' payments, and that [the plaintiff] had waived any default by accepting such payments after the original maturity date of the note." *Id.* at ¶ 33. However, the court found the plaintiff did not seek any of the interest only payments, but, rather, alleged the principle was unpaid and sought interest under the default rate provided in the note. As a result, the court concluded the defendant's "claim that it had made all of the 'interest only' payments does not meet the substance of [the plaintiff's] allegations of nonpayment and therefore is not a meritorious defense." *Id.* Finally, the Eighth District found the trial court did not abuse its discretion in rejecting the defendant's claim that the plaintiff had waived its right to declare a default because "the parties expressly agreed that the failure to exercise the option to declare a default shall not constitute a waiver of the right to subsequently declare a default, the parties expressly agreed that acceleration could occur without demand or notice to borrower, and [the defendant] failed to present evidence to demonstrate that [the plaintiff] relinquished its right to declare a default." *Id.* at ¶ 34.

{¶ 18} Here, as in *B & I Hotel*, the trial court found appellee did not seek judgment for the interest only payments but, rather, for the "principal amount of $400,000 plus interest at the default rate of 10% per annum as provided in Section 5.2 of the note." (July 28, 2017 Decision at 7.) The trial court found that appellant "does not contest * * * that, at the time it made the $2,000 payment to [appellee], it * * * was in default under the terms of [the] note and that 'the $2000.00 check, dated March 23, 2015, only could be considered as an interest payment and applied to the interest owed on the debt.' " (July 28, 2017 Decision at 7.) As a result, the trial court applied the reasoning of *B & I Hotel* to find that the interest only payment made by appellant did not constitute a meritorious defense because such sum was not sought in appellee's complaint, nor included in the trial court's judgment.

{¶ 19} Here, it is undisputed that appellant failed to timely make the February 15, 2015 interest only payment, which constituted an event of default as defined by section 5.1 of the note. Furthermore, appellant does not dispute that appellee, in his complaint, sought only the principal sum and interest at the default rate. Thus, under the reasoning of *B & I Hotel*, appellant's untimely interest only payment "does not meet the substance of

[appellee's] allegations of nonpayment and therefore is not a meritorious defense." *Id.* at ¶ 33. Although appellant takes issue with the trial court's judgment reaching back to February 15, 2015, despite its untimely payment, appellant does not contend nor does the record reflect that appellant made any other payments on the note, timely or otherwise, before the filing of appellee's complaint. Therefore, under the facts and circumstances of this case, we find the trial court did not abuse its discretion in finding that appellant failed to present a meritorious defense.

{¶ 20} Next, appellant contends appellee was required to give appellant 30 days to cure the default under the terms of the note. Appellant argues, therefore, the trial court's judgment is "erroneous on its face" because it "imposes a higher, default rate of interest effective as of February 15, 2015, the first payment date" instead of after the "expiration of a 30 day cure period." (Appellant's Brief at 11-12.) Furthermore, appellant argues that the "record is silent that [a]ppellee ever met the note's requirement of 'notice of the perceived default in writing' to [a]ppellant so as to trigger entitlement to the higher default interest rate." (Appellant's Brief at 12.) Upon a review of the record, we find appellant failed to raise these claims before the trial court in the first instance, either in its Civ.R. 60(B) motion or its objections to the magistrate's decision denying the motion. Although a movant need not prove that he or she will prevail on an alleged meritorious defense in order to succeed on a Civ.R. 60(B) motion, the movant " 'must allege operative facts with *enough specificity* to allow the trial court to decide whether he or she has met that test.' " (Emphasis sic.) *Mock Rd. Supermarket* at ¶ 30, quoting *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 16. As appellant failed to raise these arguments below, we decline to address them for the first time on appeal. *Classic Bar* at ¶ 15, citing *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278 (1993).

{¶ 21} Finally, appellant contends the trial court erred because it failed to credit as payment certain sums that it alleges appellee took from appellant. In its decision overruling appellant's objections to the magistrate's decision, the trial court stated appellant "never raised this [issue] in support of a partial payment defense in its [Civ.R. 60(B)] motion," but, rather, "contended that this cash 'misappropriated' and 'diverted' by [appellee] prevented it from making the payments due under the note." (July 28, 2017 Decision at 5.) As a result, the trial court found appellant had waived the issue by raising it for the first time in its

objections to the magistrate's decision.  On review, we conclude the trial court did not abuse its discretion in finding appellant had waived the issue. *See State ex rel. Durbin v. Indus. Comm.*, 10th Dist. No. 10AP-712, 2012-Ohio-664, ¶ 10-11. Therefore, we decline to address the same for the first time on appeal.

{¶ 22}  For the above reasons, we find the trial court did not abuse its discretion by overruling appellant's objections to the magistrate's decision denying appellant's Civ.R. 60(B) motion. Accordingly, we overrule appellant's assignment of error.

**IV.  Conclusion**

{¶ 23} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.