[Cite as *Bruner Holdings, L.L.C. v. Sleeper*, 2024-Ohio-2925.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [Bruner Holdings, LLC, | : | |
| Plaintiff-Appellee, | : | No. 23AP-618 |
| | | (C.P.C. No. 20CV-7851) |
| CapitalPlus Financial, LLC et al., | : | |
| Plaintiffs-Appellants, | : | (REGULAR CALENDAR) |
| v. | : | |
| F. Randolph Sleeper, | : | |
| Defendant-Appellee. | : | |
| CapitalPlus Financial, LLC et al., | : | |
| Plaintiffs-Appellants, | : | No. 23AP-619 |
| | | (C.P.C. No. 21EX-221) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Bruner Corporation et al., | : | |
| Defendants-Appellees. | : | |
| CapitalPlus Financial, LLC et al., | : | |
| Plaintiffs-Appellants, | : | No. 23AP-620 |
| | | (C.P.C. No. 21EX-222) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Bruner Corporation et al., | : | |
| Defendants-Appellees. | : | |
| CapitalPlus Financial, LLC et al., | : | |
| Plaintiffs-Appellants, | : | No. 23AP-621 |
| | | (C.P.C. No. 20CV-7896) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Bruner Corporation et al., | : | |
| Defendants-Appellees. | : | |

Bruner Corporation,                          :

    Plaintiff-Appellee,                    :

                                                                              No. 23AP-622

v.                                           :          (C.P.C. No. 21CV-7468)

Brett Motherwell et al.,                     :          (REGULAR CALENDAR)

    Defendants-Appellees,                  :

CapitalPlus Financial, LLC et al.            :

    Defendants-Appellants.                 :

CapitalPlus Financial, LLC et al.,           :

    Plaintiffs-Appellants,                 :          No. 23AP-623
                                                                    (C.P.C. No. 22CV-1544)

v.                                           :          (REGULAR CALENDAR)

Building Control Integrators, LLC,           :

    Defendant-Appellee.]                   :

---

### D E C I S I O N

Rendered on August 1, 2024

---

**On brief:** *Law Office of W. Blair Lewis, LLC*, and *W. Blair Lewis*, for appellees. **Argued:** *W. Blair Lewis.*

**On brief:** *Allen Stovall Neuman & Ashton LLP, Rick L. Ashton, Jeffrey R. Corcoran, Andrew Rebholz*, and *Adam M. Schwartz*, for Scott Applegate, CapitalPlus Financial LLC, CapitalPlus Construction Services LLC, and JAG Group, LLC. **Argued:** *Jeffrey R. Corcoran.*

---

APPEALS from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}   Appellant, CapitalPlus Financial LLC ("CapitalPlus"), appeals from a decision and entry of the Franklin County Court of Common Pleas overruling objections to a magistrate's decision granting the motion for relief from judgment of appellees Bruner Corporation ("Bruner"), Lacon Road Properties, LLC ("Lacon"), and F. Randolph Sleeper (collectively "appellees"), and vacating the trial court's December 8, 2020 cognovit judgment granted to CapitalPlus.  For the following reasons, we affirm in part and reverse in part.

## I.  Facts and Procedural History

{¶ 2}   At issue in these six consolidated cases is a cognovit judgment related to loans that Huntington National Bank ("Huntington") made to Bruner, Lacon, and Sleeper. Sleeper is the CEO and owner of Bruner, a mechanical contracting services company.  In 2018 and 2019, Bruner was involved in the construction of a hospital in Grove City, Ohio and the loans related to Bruner's cash flow during that project.

{¶ 3}   On December 8, 2020, CapitalPlus filed a non-consumer cognovit complaint with the trial court, alleging it was the holder of certain loan documents executed by Bruner, Lacon, and Sleeper and entered into with Huntington.  These loan documents included: (1) a November 1, 2018 line of credit note for $6 million for which Bruner and Lacon were the makers ("Line of Credit Note"); (2) a March 14, 2019 term loan note for $778,000 for which Lacon was the maker ("Term Loan Note"); (3) a March 14, 2019 commercial guaranty of the Term Loan Note executed by Bruner ("Bruner Guaranty"); (4) a September 13, 2019 loan modification agreement executed by Bruner, Lacon, and Sleeper ("First Modification Agreement"); (5) a September 13, 2019 commercial guaranty of all obligations of Bruner and Lacon executed by Sleeper ("Sleeper Guaranty"); and (6) an October 17, 2019 loan modification agreement ("Second Modification Agreement") executed by Bruner, Lacon, and Sleeper.  The complaint alleged that in December 2019, Huntington assigned its interest in the loan documents to CapitalPlus and executed an allonge to the Line of Credit Note and the Term Loan Note, payable to the order of CapitalPlus.  Further, CapitalPlus alleged appellees defaulted on the loan documents and owed CapitalPlus $6,140,894.01 as

of December 1, 2020, plus interest.  CapitalPlus attached the loan documents to the complaint, each of which contained the following statement:

> WARNING – BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.

(Emphasis sic.)  (No. 23AP-621 Compl., Exs. A-F.)  Also on December 8, 2020, an answer was filed confessing judgment for CapitalPlus in the amount of $6,140,894.01 on the loan documents.  That same day, the trial court entered judgment for CapitalPlus in the requested amount, plus interest.

{¶ 4}  On May 7, 2021, Sleeper filed a motion for relief from judgment seeking to vacate the December 8, 2020 cognovit judgment.  Sleeper alleged CapitalPlus conspired to take control of Bruner and breached certain agreements to inject the company with capital and that, based on certain false statements and representations, Sleeper transferred several properties to CapitalPlus and defaulted on certain loan documents.  CapitalPlus opposed Sleeper's motion for relief for judgment.

{¶ 5}  Additionally, on November 18, 2021, Bruner filed its own motion to vacate the December 8, 2020 cognovit judgment, arguing the cognovit note upon which the judgment is based is facially insufficient to support the judgment.  Bruner further argued the judgment is void due to lack of subject-matter jurisdiction and fraud.  Bruner alleged the Second Modification Agreement outlined a pay-off schedule and that, pursuant to that schedule, Bruner was ahead of schedule in paying off the line of credit note.  Thus, Bruner contested the loan balance in the complaint for the cognovit judgment.  Bruner also alleged the cognovit judgment was obtained as part of a fraudulent conspiracy involving CapitalPlus and its president, Scott Applegate.  CapitalPlus additionally opposed Bruner's motion to vacate.  On July 22, 2022, Lacon filed a motion for leave to join Sleeper's motion for relief from judgment and Bruner's motion to vacate the cognovit judgment.

{¶ 6}    In July 2022, the trial court conducted a hearing before a magistrate on the motions to vacate the cognovit judgment during which the parties presented extensive evidence and testimony relative to their respective positions.  Following the hearing, the magistrate issued a 94-page decision recommending the trial court grant the motions for relief from judgment and to vacate the cognovit judgment.  In the September 6, 2022 magistrate's decision, the magistrate determined the trial court had relied on incorrect representations in Applegate's affidavit in entering the cognovit judgment and that the loan documents actually had been paid off in December 2019.  Alternatively, the magistrate found that if the loan documents were not paid off in 2019, the balance on the Line of Credit Note could not have exceeded $2,119,019.51 as of December 8, 2020, when the cognovit judgment was confessed and entered.

{¶ 7}    Both CapitalPlus and Bruner filed objections to the magistrate's decision in October 2022.  On September 19, 2023, the trial court overruled the objections of both parties and adopted the magistrate's decision.  The trial court found the loan documents were satisfied on December 31, 2019 and rejected any alternative finding.  Subsequently, on October 9, 2023, the trial court issued an amended order adopting the entirety of the magistrate's decision.  The trial court again expressly stated it found the loan documents were satisfied as of December 31, 2019.  In a separately filed September 22, 2023 show cause order and notice of intent to dismiss, the trial court reiterated it had found, in its adoption of the magistrate's decision, that the loan documents had been paid in full as of December 31, 2019 and, therefore, the court did not have subject-matter jurisdiction over CapitalPlus' claims.  Thus, the trial court vacated the December 8, 2020 cognovit judgment. CapitalPlus timely appeals.

## II.  Assignments of Error

{¶ 8}    Appellant assigns the following two assignments of error for our review:

> [I.] The trial court erred in entering the September 19, 2023 *Decision & Entry Overruling Objections To The September 6, 2022 Magistrate Decision & Adopting In Part The September 6, 2022 Magistrate Decision & Granting F. Randolph Sleeper's May 7, 2021 Motion For Relief From Judgment & Granting Bruner Corporation's November 11, 2021 Motion To Vacate Cognovit Judgment & Granting Bruner Corporation's May 17, 2022 Motion Supplemental*

*Motion To Vacate Cognovit Judgment & Granting Lacon Road Properties LLC's July 22, 2022 Motion For Relief From Judgment As Joined In F. Randolph Sleeper's May 7, 2021 Motion And Bruner Corporation's November 18, 2021 Motions By Order Of This Court Dated December 16, 2022 To Join & Vacating The Court's December 8, 2020 Order And Entry Granting Judgment On Cognovit Note* (the "September 2023 Decision").

[II.] The trial court erred in entering the October 9, 2023 *Amended Decision & Entry & Overruling Objections To The September 6, 2022 Magistrate Decision & Adopting Findings Of Fact Paragraphs 1 Through 210 Of The September 6, 2022 Magistrate Decision In Addition To Factual Findings Set Forth In This Decision & Entry & Adopting In Part The September 6, 2022 Magistrate Decision & Granting F. Randolph Sleeper's May 7, 2021 Motion For Relief From Judgment & Granting Bruner Corporation's November 11, 2021 Motion To Vacate Cognovit Judgment & Granting Bruner Corporation's May 17, 2022 Motion Supplemental Motion To Vacate Cognovit Judgment & Granting Lacon Road Properties LLC's July 22, 2022 Motion For Relief From Judgment As Joined In F. Randolph Sleeper's May 7, 2021 Motion And Bruner Corporation's November 18, 2021 Motions By Order Of This Court Dated December 16, 2022 To Join & Vacating The Court's December 8, 2020 Order And Entry Granting Judgment On Cognovit Note* (the "October 2023 Decision").

(Emphasis sic.)

## III.  First Assignment of Error – Motion for Relief from Judgment and Motion to Vacate

{¶ 9}    CapitalPlus presents two interrelated assignments of error, and we address them jointly.  Through its two assignments of error, CapitalPlus argues the trial court erred in granting appellees' motions for relief from judgment and to vacate the cognovit judgment.  Under its two assignments of error, CapitalPlus presents this court with four distinct issues for review: (1) whether the trial court erred in resolving the merits of appellees' asserted meritorious defense in support of their motion for relief from judgment and motion to vacate; (2) whether the trial court erred in its factual finding that the loan documents had been paid off by December 31, 2019; (3) whether the trial court violated

CapitalPlus' right to due process in adopting a loan payoff theory that neither party argued before the trial court; and (4) whether the trial court erred in concluding it lacks subject-matter jurisdiction to adjudicate CapitalPlus' claims related to the loan documents. For ease of discussion, we address the issues out of order.

## A. First Issue for Review – Definitively Ruling on the Meritorious Defense

{¶ 10} In its first issue presented for review, CapitalPlus argues the trial court erred in ruling on the merits of appellees asserted meritorious defense in their Civ.R. 60(B) motions.

{¶ 11} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate: (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An appellate court reviews a trial court's decision on a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, 173 Ohio St.3d 191, 2023-Ohio-1823, ¶ 27.

{¶ 12} In cases involving a Civ.R. 60(B) motion for relief from judgment on a cognovit judgment, however, courts apply a modified *GTE* standard and the movant "need only establish (1) a meritorious defense and (2) that the motion was timely made." (Quotation and citation omitted.) *Buehler v. Mallo*, 10th Dist. No. 10AP-84, 2010-Ohio-6349, ¶ 8; *Starner v. Merchants Holding, L.L.C.*, 10th Dist. No. 17AP-621, 2018-Ohio-1165, ¶ 12.

{¶ 13} Generally, a cognovit note contains language intended to eliminate certain defenses available to a debtor in the event of default. *Classic Bar & Billiards, Inc. v.*

*Samaan*, 10th Dist. No. 08AP-210, 2008-Ohio-5759, ¶ 8. "The holder of a cognovit note in default obtains a judgment without a trial of possible defenses which the signers of the note might otherwise assert." *Id*. "This is so because, under a cognovit note, the debtor consents in advance to the holder obtaining a judgment without notice or a hearing." *Id*. "An attorney, whom the note holder may designate, appears on behalf of the debtor and, pursuant to provisions of the cognovit note, confesses judgment and waives the debtor's right to notice of the proceedings." *Id*.

{¶ 14} Traditionally, cognovit notes contain provisions removing every defense available to a debtor except for payment of the note. *Starner* at ¶ 13, citing *Mock Rd. Supermarket, Inc. v. MiraCit Dev. Corp.*, 10th Dist. No. 10AP-913, 2011-Ohio-4594, ¶ 10. Additionally, a dispute about the amount actually owed under the cognovit note is a meritorious defense, within the meaning of Civ.R. 60(B), to a cognovit note judgment. *Sadraoui v. Hersi*, 10th Dist. No. 10AP-849, 2011-Ohio-3160, ¶ 16, quoting *First Natl. Bank of Pandora v. Freed*, 3d Dist. No. 5-03-36, 2004-Ohio-3554, ¶ 9 (" 'miscalculation of the amount remaining due on the note at the time of confession of judgment' " is a meritorious defense for purposes of a Civ.R. 60(B) motion); *Starner* at ¶ 13 (Ohio courts have recognized additional meritorious defenses to cognovit judgments including improper conduct in obtaining the debtor's signature on the note, deviation from proper procedures in confessing judgment, and a dispute about the amount remaining due on the note at the time of judgment).

{¶ 15} Through its appeal, CapitalPlus does not dispute that appellees' Civ.R. 60(B) motions were timely. Additionally, CapitalPlus does not dispute appellees presented a meritorious defense in their argument that the loan had been paid, in full or in part. Instead, CapitalPlus argues the trial court erred when it determined appellees would prevail on their asserted meritorious defense and found the loan documents had been paid off as of December 31, 2019 rather than simply determining whether appellees had *presented* a meritorious defense. We agree.

{¶ 16} As this court has stated, a party seeking relief from judgment, pursuant to Civ.R. 60(B), is "not required to prove that their Civ.R. 60(B) arguments would prevail at trial." *Meglan, Meglan & Co., Ltd. v. Bostic*, 10th Dist. No. 05AP-831, 2006-Ohio-2270, ¶ 10. Instead, the burden at the hearing on the party seeking Civ.R. 60(B) relief from

judgment "[is] merely to demonstrate the *existence* of a meritorious defense and not establish the merit of the defenses." (Emphasis added.) *Id.* Further, "just as a movant need not establish in the Civ.R. 60(B) motion that he or she will prevail on the alleged defense, the trial court does not determine from the evidentiary hearing whether the movant would prevail on the defense." *Simmons Capital Advisors, Ltd. v. Kendall Group, Ltd.*, 10th Dist. No. 05AP-1087, 2006-Ohio-2272, ¶ 23-24 (the trial court abuses its discretion where the movants alleged a meritorious defense in their Civ.R. 60(B) motion but the trial court held the movants to a higher standard by determining the movants could not prevail on the defense), citing *Fifth Third Bank v. Margolis*, 10th Dist. No. 97APE04-468, 1997 Ohio App. LEXIS 4828 (Oct. 30, 1997) (noting "in order to be granted relief from a cognovit judgment, a movant need only show that the motion was timely filed and that a meritorious defense exists," and "the court does not determine if it would *ultimately* decide the case in the movant's favor"). (Emphasis sic.)

{¶ 17} Moreover, specifically in the context of a cognovit judgment, this court has found that where a defendant to a cognovit judgment presents a meritorious defense that the amount owed under the cognovit judgment is incorrect, and the trial court's decision did not conclude the note, itself, is invalid, a trial court errs in vacating the entire judgment. *Sadraoui* at ¶ 18. "Instead, the trial court should have granted defendants' Civ.R. 60(B) motion to the extent necessary to take evidence on the amount defendants actually owe plaintiffs under the terms of the note." *Id.*, citing *Meyer v. Chieffo*, 180 Ohio App.3d 78, 2008-Ohio-6603, ¶ 26 (10th Dist.), and *Columbus Retail, Inc. v. Dalt's, L.L.C.*, 10th Dist. No. 04AP-735, 2005-Ohio-764, ¶ 21. Here, as in *Sadraoui*, nothing in the trial court's decision offered any basis to conclude the loan documents, themselves, are invalid. Rather, the trial court specifically rejected appellees' allegations of fraud and based its decision entirely on the disputed amount owed under the loan documents.

{¶ 18} While the parties submitted extensive testimony and exhibits at the hearing before the magistrate, that evidence must be understood in the proper framework of a Civ.R. 60(B) hearing: determining whether appellees can present a meritorious defense. CapitalPlus agrees, on appeal, that appellees submitted sufficient evidence to demonstrate the existence of a meritorious defense. Thus, once the trial court determined appellees had presented a meritorious defense, the trial court should have granted the Civ.R. 60(B)

motions to the extent necessary to take evidence on the amount appellees actually owe CapitalPlus under the terms of the loan documents. *Sadraoui* at ¶ 23 (rather than vacating the cognovit judgment in its entirety, "[t]he trial court on remand * * * should conduct a hearing solely on the amount defendants owe plaintiffs under the note"). Instead, the trial court determined the validity of appellees' asserted meritorious defense, finding the loan documents were paid off as of December 31, 2019, and vacated the entirety of the cognovit judgment on that basis. In accordance with *Sadraoui*, we find the trial court erred in determining the validity of the asserted meritorious defense in ruling on the Civ.R. 60(B) motion and the motion to vacate.

**B. Fourth Issue for Review – Subject-Matter Jurisdiction**

{¶ 19} In its fourth issue presented for review, CapitalPlus argues the trial court erred in determining it lacked subject-matter jurisdiction over CapitalPlus' claims on the loan documents. CapitalPlus asserts that even if the Line of Credit Note had been paid off, a finding it disputes, payment of the loan would not deprive the trial court of subject-matter jurisdiction.

{¶ 20} Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6. In determining whether a court has subject-matter jurisdiction, " 'the focus is on whether the forum itself is competent to hear the controversy.' " (Further internal quotations and citations omitted.) *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, ¶ 21, quoting *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, ¶ 14. An appellate court reviews de novo a trial court's determination it lacks subject-matter jurisdiction over a case. *Pointer v. Smith*, 10th Dist. No. 20AP-555, 2021-Ohio-2247, ¶ 8, citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 21} In determining it lacks subject-matter jurisdiction over CapitalPlus' claims related to the loan documents, the trial court relied on R.C. 2323.12 which states, in pertinent part, that a judgment may be taken only upon "[a] person indebted, or against whom a cause of action exists." The trial court determined that because it had concluded the loan documents had been paid off as of December 31, 2019, appellees could not be

considered indebted to CapitalPlus when it filed the cognovit judgment action. Having found CapitalPlus therefore could not demonstrate it satisfied the requirements of R.C. 2323.12 because appellees were not "indebted," the trial court determined it lacked subject-matter jurisdiction over CapitalPlus' claims related to the loan documents. We disagree.

{¶ 22} As a general matter, R.C. 2323.12 and 2323.13 govern a trial court's jurisdiction over cognovit notes, and the proponent of a cognovit judgment must satisfy these statutory provisions in order for a court to issue a valid cognovit judgment. *Huntington Natl. Bank v. 199 S. Fifth St. Co., L.L.C.*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707, ¶ 9, citing *Buehler*, 2010-Ohio-6349, at ¶ 9. Here, the trial court did not find the loan documents, themselves, were facially insufficient to satisfy the statutory requirements or that CapitalPlus did not comply with the statutory process of confessing judgment. Instead, the trial court relied on its factual determination, made during the Civ.R. 60(B) proceedings, that the loan documents had been paid to then conclude it lacked subject-matter jurisdiction over CapitalPlus' claims related to the loan documents. We reiterate that we have already determined the trial court erred in ruling on the balance remaining due on the loan documents when it resolved the Civ.R. 60(B) motions.

{¶ 23} More importantly, payment is an affirmative defense, not a jurisdictional defect. *HSBC Mtge. Corp. USA v. Latona*, 10th Dist. No. 15AP-401, 2016-Ohio-3137, ¶ 15 (pursuant to Civ.R. 8(C), "payment is an affirmative defense"), citing Civ.R. 8(C); *Smith v. Ohio State Univ.*, ___ Ohio St.3d ___, 2024-Ohio-764, ¶ 19 ("[a]n affirmative defense is different than a subject-matter jurisdictional bar because an affirmative defense considers the pleadings and claims of the parties"). *See also JP Morgan Chase, NA v. Bethel*, 5th Dist. No. 09 CA 0110, 2010-Ohio-2987, ¶ 16 ("[p]ayment is a meritorious defense to a claim on a cognovit note"). Even if the trial court were to ultimately determine, on remand, that appellees no longer owed anything under the loan documents such that the trial court is unable to enter cognovit *judgment* in favor of CapitalPlus, appellees' asserted defense of payment does not deprive the trial court of subject-matter jurisdiction over CapitalPlus' *claims* related to the cognovit note. *Ltd. Invest. Group Corp. v. Huntington Natl. Bank*, 10th Dist. No. 21AP-61, 2022-Ohio-3657, ¶ 51 ("[d]ue to the absence of an original warrant of attorney, the trial court lacked the authority necessary to enter the February 17, 2010 cognovit judgment" but "the trial court always possessed the subject-matter jurisdiction

necessary to adjudicate the cognovit *action* between" the parties) (Emphasis added.); *PNC Bank, Natl. Assn. v. Pataskala Town Ctr., L.L.C.*, 6th Cir. No. 17-3008, 2017 U.S. App. LEXIS 26303 (Dec. 21, 2017), fn. 3 (rejecting an argument that the trial court lacked subject-matter jurisdiction over claims related to a cognovit note because, even if the trial court lacked subject-matter jurisdiction to enter a cognovit judgment where the statutory requirements are not satisfied, "lacking jurisdiction to enter a certain type of judgment does not rob a court of jurisdiction over an entire case or controversy").

{¶ 24} We are mindful of the distinction between a court's jurisdiction to enter a cognovit judgment versus a court's jurisdiction over a cognovit case. Here, the trial court incorrectly determined that, based on its finding that appellees had paid off the loan documents as of December 31, 2019, it lacked jurisdiction over the cognovit case. Because the dispute between the parties resolved to the amount owed under the loan documents, the court had subject-matter jurisdiction to resolve that dispute.[1] *Ltd. Invest. Group* at ¶ 52 ("[t]he courts of common pleas are courts of general jurisdiction and, with narrow exceptions, possess subject-matter jurisdiction over 'all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts' "), quoting R.C. 2305.01. Accordingly, the trial court had subject-matter jurisdiction over the cognovit action, and the trial court erred in determining it lacked subject-matter jurisdiction over the case.

**C. Second and Third Remaining Issues for Review – Amount Due and Procedural Due Process**

{¶ 25} The second and third issues CapitalPlus presents for review are whether there was clear and convincing evidence to support the trial court's factual finding that the loan documents had been paid off and whether the trial court violated CapitalPlus' right to procedural due process when it ruled on a theory neither party advanced. Having already determined the trial court erred when it ruled on the validity of appellees' meritorious defense, we find these remaining issues to be moot.

---

[1] In granting the motion for relief from judgment and motion to vacate, the trial court specifically rejected appellees' arguments related to fraud as a meritorious defense to the cognovit judgment, concluding appellees failed to present clear and convincing evidence at the hearing for each element of fraud. On appeal, appellees do not challenge the trial court's rejection of their fraud argument.

{¶ 26} Thus, because the trial court erred in determining the validity of appellees' meritorious defense and vacating the cognovit judgment in its entirety, and, as a result, in concluding it lacked subject-matter jurisdiction over CapitalPlus' claims related to the loan documents, we sustain, in part, CapitalPlus' first and second assignments of error. Because our resolution of those portions of the first and second assignments of error renders the remaining issues moot, we render moot the remaining portions of the first and second assignments of error.

## IV. Disposition

{¶ 27} Based on the foregoing reasons, the trial court did not err in determining appellees asserted a meritorious defense in support of their Civ.R. 60(B) motion and motion to vacate, but the trial court erred in ruling on the validity of the asserted meritorious defense. The trial court additionally erred in determining it lacked subject-matter jurisdiction over the cognovit action. Having sustained in part and rendered moot in part CapitalPlus' two assignments of error, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand this matter to the that court for further proceedings consistent with this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

BOGGS and EDELSTEIN, JJ., concur.